## E. P. Easterday and A. H. Perrine, Jr., v. Sidney A. Cutting.

1. APPEALS—*Dismissal for Non-Compliance with Rule to Furnish an Abstract.*—In all cases the party bringing a cause into this court must furnish a complete abstract or abridgment of the record, referring to appropriate pages of the record by numerals on the margin.

Replevin.—Trial in the Circuit Court of Pulaski County on appeal from a justice of the peace; the Hon. Joseph P. Robarts, Judge, presiding. Judgment and verdict for defendant. Appeal by plaintiff. Heard in this court at the February term, 1898. Dismissed for non-compliance with the rule. Opinion filed August 31, 1898.

L. M. Bradley, attorney for appellants.

H. G. CARTER, attorney for appellee.

PER CURIAM.

Appellants fail to comply with the rules of this court requiring a statement of the case, and an abstract of record.

Rule 23 provides that "the brief of appellant or plaintiff in error shall contain in the beginning a concise statement of the case, including, in a general way, the form of action, the substance of the pleadings without details, the substance of the evidence, omitting names of witnesses and all other details, the judgment and rulings of the trial court complained of. Such statement will be deemed correct except in so far as the opposite party may indicate by a separate statement of his own to be contained in his brief."

A statement of the character required by this rule is of great convenience to an Appellate Court, by giving a bird's-eye view of the contention of appellant and the matter upon which he relies. The statement furnished falls far short of the requirements of the rule. It amounts in substance only to this, that appellee, before a justice of the peace, replevied a sewing machine, claiming ownership, from appellant Easterday, holding it as agent of the Singer Manufacturing Company by virtue of a contract found on page 39 of the record; that appellant recovered judgment before the justice, and appellee appealed to the Circuit Court, where appellee recovered judgment, and appellant then appealed to this court.

Rule 23 provides that "in all cases the party bringing a cause into this court shall furnish a complete abstract or abridgment of the record thereto, referring to appropriate pages of the record by numerals on the margin."

For the first twelve pages of the record the abstract furnished is simply an index, abstracting nothing. The evidence for plaintiff and for defendant is abstracted, but without marginal references to the record.

The amount involved in the controversy is small, the issue being as to the right of possession by appellant of a sewing machine, for non-payment of a part of the purchase money,

when $30 had been already paid, and where a dispute exists between the agent and the purchaser as to what the contract really is.

We think it a proper case for the enforcement of the rules of court, and for non-compliance with these, as above stated, the judgment of the Circuit Court is affirmed.